[Civ. No. 51561. First Dist., Div. One. Apr. 26, 1982.]

LAURA MALICK, Cross-complainant and Respondent, v.
CONTRA COSTA COUNTY FLOOD CONTROL AND WATER
CONSERVATION DISTRICT et al., Cross-defendants and
Appellants.

In re RICHARD LENZI, an Official Reporter of the Superior Court
of Contra Costa County.

**Opinion**

**ELKINGTON, J.**—Upon the complaint of Laura Malick, respondent of the above described appeal from a civil judgment pending before this court, we issued an order to show cause why Richard Lenzi should not be declared incompetent to act as an official reporter in any court, pursuant to the provisions of Government Code section 69944, for failure

to timely prepare a reporter's transcript for use on the appeal. He responded to the order to show cause in person and by counsel, and by his written return thereto.

The proceedings were instituted under: (1) our statutory power to "control in furtherance of justice, the conduct . . . of all . . . persons in any manner connected with a judicial proceeding before [this court], in every matter appertaining thereto" (Code Civ. Proc., § 128, subd. 5); and (2) our inherent power to take necessary steps "to see that no conduct on the part of any person obstructed the administration of justice" (*People* v. *Santo* (1954) 43 Cal.2d 319, 331 [273 P.2d 249]).

The facts are uncontroverted.

The notice of appeal was filed December 24, 1980. The fees for preparation of a reporter's transcript were paid February 10, 1981. On that day Mr. Lenzi was directed by the superior court's clerk "to prepare and file with this office the transcript on appeal, in accordance with the notice of the party, within 30 days from the date of this notice," and as required by rule 4, California Rules of Court. As of March 12, 1982, 13 months later, the transcript had not been prepared.

On his written return to the order to show cause, and orally at the hearing thereon, Mr. Lenzi stated: "The reason the transcript has not been completed on this case is because I was required to give priority to the numerous criminal matters . . . . There are currently 11 civil cases from other departments where the transcript is not filed where notice of appeal was filed previous to this case going back to August of 1979 . . . . The problem with backlog is not peculiar with myself but is a reflection of the burgeoning case load and criminal appeals which must take priority."

Elsewhere it appears in the record that Mr. Lenzi is a hard-working, conscientious court reporter who ordinarily reports the day's courtroom proceedings, and is obliged somehow to prepare transcripts on the rapidly growing number of appeals on such other time as is found available by him.

Rule 4, California Rules of Court, as has been indicated, provides: "(d) Within 30 days after direction from the clerk or the receipt of the fees from the appellant the reporter shall complete and file with the

clerk an original and one copy of the reporter's transcript as directed, and certify the same as correct." We find no exception to the absolute requirement of the rule, save rule 45(b) permitting a 30-day extension by the superior court, and rules 43 and 45(c) authorizing a reviewing court's extension, with none of which are we here concerned.

■ Government Code section 69944 states: "Until an official reporter of any court or official reporter pro tempore has fully completed and filed all transcriptions of his notes in any case on appeal which he is required by law to transcribe, he is not competent to act as official reporter in any court." Here no exception to the command is discernible.

Trial courts and their official reporters would be well advised to recognize and cope with the problem at hand. If the burden of courtroom work imposed on the reporter is such that he, or she, is unable to carry on day-to-day reporting *and additionally* meet demands of the rules, and Government Code section 69944, reason seems to dictate that such reporter be excused from the daily courtroom reporting when it becomes necessary. While the fact that such a practice might result in greater expense to the state or county, or lesser income to the reporter, is regrettable, the alternative appellate delays and affront to our judicial system are intolerable.

Obedient to the command of Government Code section 69944, it is ordered that until such time as Richard Lenzi has certified to this court, in writing under penalty of perjury, that he has fully completed and filed all transcriptions of his notes in any case on appeal which he is required by law to transcribe, he is not competent to act as official courtroom reporter in any court.

Racanelli, P. J., and Newsom, J., concurred.